## (March 11, 1968)

■     In the Matter of SIBARCO STATIONS, INC., Respondent, v. TOWN BOARD OF VESTAL et al., Appellants. (And 2 Other Proceedings.) — AULISI, J. Appeal from a judgment of the Supreme Court at Special Term, entered August 7, 1967, in Broome County, in proceedings under CPLR article 78 which (1) affirmed, except as to certain deleted conditions, the decision of the Zoning Board of Appeals of the Town of Vestal, dated October 24, 1966, granting a special use permit to erect a gasoline station to Sibarco Stations, Inc., and (2) determined that the ordinance adopted by the Town Board of Vestal on December 28, 1966, with relation to the granting of special permits for gasoline stations is of no effect with respect to the said special permit issued to Sibarco Stations, Inc. The only issue which it is necessary to decide here is the validity of the amendment to the portion of the Vestal Town Code which contains the town zoning ordinances. Under the Zoning Code before the amendment, a special use permit was required for operation of a gasoline service station in a "neighborhood shoping district," the zoning designation of the land involved in this case. Such permits were issued by the Zoning Board of Appeals of the town. Sibarco Stations applied for such a permit and, after a public hearing, it was granted. An aggrieved property owner, Howard H. Wilson, brought an article 78 proceeding challenging the Zoning Board's decision and Sibarco Stations moved at the same time for deletion of certain conditions attached to the special permit. In a decision on January 19, 1967, Special Term upheld the board's action, but deleted three of the challenged conditions. Meanwhile, on December 1, 1966, the Town Board of Vestal published a notice in a local newspaper that a public hearing would be held on December 14 to consider an amendment to the Town Code, but the notice did not state that it was the zoning portion of the Town Code which was to be amended. Sibarco Stations did not appear at the public hearing. The amendment was passed by the Town Board on December 28, to be effective January 15, 1967. The amendment, if validly passed and if valid, would destroy Sibarco Stations' special permit, since under the amendment gasoline stations are no longer permitted in a "neighborhood shopping district." Special permits to operate such stations must now be granted by the Town Board rather than the Zoning Board of Appeals and an applicant for such a permit must submit a sworn statement that at least 50% of the property owners within 250 feet of the premises favor granting the permit. Sibarco Stations challenges the amendment on the ground that the Town Board failed to give the notice required by section 44-68 of the Vestal Town Code and which provides as

follows: The Town Board may, from time to time, on its own motion or on petition, in accordance with the applicable provisions of the Town Law, after public notice and hearing, amend, supplement, change, modify or repeal this ordinance. At the time of the public hearing on any zoning amendment which is in regard to rezoning of any premises within the Town of Vestal to any classification other than one-family or one and two-family residence district, there must be presented to the Town Board an affidavit stating that no earlier than twenty (20) days and no later than ten (10) days prior to such hearing, written notice of the proposed rezoning has been mailed to the owners of the property, as the names and addresses appear on the latest completed assessment roll, within two hundred fifty (250) feet of the premises to be rezoned, and listing all the names and addresses of the persons to whom such notice was mailed. Such affidavit must be presented by the person or persons seeking the rezoning, and in the event that the rezoning is on the motion of the Town Board, such affidavit must be presented by the Town Clerk (added 5-26-65). No notice of the public hearing was given to Sibarco Stations. The Special Term held that Sibarco was entitled to notice under the language just quoted. We agree. The notice provisions apply when a zoning change will make a use of property, allowed under a special permit properly granted, illegal. The land in question in this case was " rezoned," because the permissible gas station use was barred. Rezoning to a different classification may be accomplished as effectively by changing the content of the classifications as by shifting the classification category in which particular property is placed. Even if a different reading of the language quoted above might be possible, the result we reach is in accord with the well-settled rule that zoning ordinances, being in derogation of common-law property rights, are to be strictly construed against the municipality and in favor of the landowner (*Matter of 440 E. 102nd St. Corp.* v. *Murdock,* 285 N. Y. 298; Anderson, Zoning Law and Practice in New York State, pp. 435–436; 1 Rathkopf, Law of Zoning and Planning, p. 8–1). Therefore, the Town Board having failed to comply with its own procedural rules regarding enactment of the zoning ordinance, there is no question that such a failure makes the amendment invalid (*Matter of Letts & Son* v. *City of Cortland,* 47 Misc 2d 240) as to Sibarco Stations Inc. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.